**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**THE NEW MEXICO ELKS ASSOCIATION,
FRATERNAL ORDER OF EAGLES, NEW MEXICO STATE AERIE,
NEW MEXICO LOYAL ORDER OF THE MOOSE,**

   **Plaintiffs,**

               **No.**

**v.**

**MICHELLE LUJAN GRISHAM,**
**Individually, Acting Under the Color of Law,**
**and TRACIE C. COLLINS,**
**Individually, Acting Under the Color of Law,**

   **Defendants.**

## *VERIFIED* COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND REQUEST FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiffs, by and through undersigned counsel Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) with their Complaint for Just Compensation.

## PARTIES AND JURISDICTION

1. Plaintiff The New Mexico Elks Association is a domestic nonprofit organization operating 22 lodges in the State of New Mexico.

2. Plaintiff the Fraternal Order of Eagles, New Mexico State Aerie, is a nonprofit organization operating a several aeries throughout New Mexico.

3. Plaintiff the Loyal Order of the Moose International is a nonprofit organization operating several lodges throughout New Mexico.

4. Michelle Lujan Grisham is the Governor of New Mexico.

5. Tracie C. Collins is the Secretary of the State of New Mexico Department of Health.

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §

1

1983 because, Plaintiffs allege a current and imminent continuing violation of their rights under the Constitution of the United States.

7. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because this action presents an actual controversy within the Court's jurisdiction.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants are residents of and/or perform their official duties in this district. In addition, all of the events giving rise to the claims in this Complaint arose in this district.

## GENERAL ALLEGATIONS

9. At all times material to the allegations of this Complaint, Plaintiffs owned and operated organizations in New Mexico that were subject to the public health orders of the Department of Health and the Executive Orders of the Governor.

10. As a result of the Covid-19 pandemic, beginning in March 2020 and continuing to the present, the State, acting through the Department of Health and through the Governor, enacted a series of public health orders in response to the emergency public health crisis under the authority of the Public Health Act ("PHA"), N. M. S. A. 1978, § 24-1-1 *et seq.*, the Public Health Emergency Response Act ("PHERA"), N. M. S. A. 1978, § 12-10A-1 *et seq.*, and the All Hazards Emergency Management Act ("AHEMA"), N. M. S. A. 1978, § 12-10-1 *et seq*. (*See* attached Exhibits 1-4).

11. Plaintiff The New Mexico Elks Association is a fraternal organization whose mission is to inculcate the principles of Charity, Justice, Brotherly Love and Fidelity; to recognize a belief in God; to promote the welfare and enhance the happiness of its Members; to quicken the spirit of American patriotism; to cultivate good fellowship; to perpetuate itself as a fraternal organization, and to provide for its government, the Benevolent and Protective Order of Elks of

the United States of America will serve the people and communities through benevolent programs, Demonstrating that Elks Care and Elks Share.

12. Plaintiff's Fraternal Order of Eagles, New Mexico State Aerie is a non-profit organization uniting fraternally in the spirit of liberty, truth, justice, and equality, to make human life more desirable by lessening its ills and promoting peace, prosperity, gladness and hope.

13. The New Mexico Loyal Order of the Moose is a charitable, non-discriminatory, non-profit corporation funded primarily by members of the Moose. The Moose is about celebrating life together, serving those in need within our local community, supporting our children at Mooseheart and standing by our senior members at Moosehaven.

14. As a result of the above referenced public health orders, Plaintiffs were required to cease operations of their organizations beginning on March 23, 2020 (EX. 1). The order devastated the Plaintiffs' organizations.

15. As a result of the above referenced public health orders, the Plaintiffs were required to close their doors beginning on March 24, 2020 by the public health order of March 23, 2020, which completely prohibited the Plaintiffs' organizations from operating, and the Plaintiffs' organizations as yet remain unable to be reopened to continue their missions.

16. Pursuant to the public heath orders the Plaintiffs have not been able to operate their organizations since the March 23, 2020 order. The order effectively devastated the operations of the Plaintiffs, as the Plaintiffs were no longer able to open their doors to their members organizations such as the Fraternal order of Eagles and Fraternal order of Elks were ordered closed and unessential.

17. Moreover, as the pandemic has progressed and the stated emergency reason (flattening the curve, building up health care capacity, not overwhelming the health care system

with COVID-19 cases and preventing a high death toll from the disease) has either never materialized or has been successfully abated months ago; yet Plaintiffs' organizations have been required to remain closed.

18. In the months that followed the shutdown on March 24, 2020, other organizations that provide similar if not identical activities to Plaintiffs' have been allowed to resume, such as golf courses, country clubs, gyms, and restaurants. The disparate treatment of letting some organizations open for activities such as country clubs, but not allowing fraternal organizations to open such as Plaintiffs' facilities has no basis in science and is arbitrary and capricious.

19. Plaintiffs could have and still can implement the same safety precautions, policies and procedures that similar organizations were able to implement in order to resume organizational operations. Plaintiffs have invested a tremendous amount of financial resources, time and effort into all aspects of their organizations, including, but not limited to, the purchase or lease of equipment, inventory and physical organization facilities; advertising; training and hiring of employees; and, customer development, employee development, as well as other expenses such as mortgage payments and property taxes.

20. Defendants' Orders have so deprived Plaintiffs of the economic benefits and use of their property that the resulting financial impact will adversely impact these Plaintiffs' organizations for an indefinite period and, unless immediately rescinded, threaten the future viability and sustainability of the organizations. There is no reasonable or substantial basis between Defendants' Orders permitting one organization to provide certain services while prohibiting similar organizations from operating based upon an arbitrary classification when both types of organizations are capable of implementing the same safety precautions, policies and procedures.

21. Defendant's orders have hindered the Plaintiffs' ability to raise necessary funds to

promote their charitable causes; effectively suppressing the Plaintiffs' First Amendment Rights.

**CAUSE OF ACTION NO. I – SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983**

22. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

23. The March 23, 2020, Shutdown Order compelled the closure of the physical operations of all business and entities that the Secretary of Health deemed to be non-essential and threatened criminal prosecution and fines for those who violate the Public Health Orders.

24. The Shutdown Order, and the succeeding orders issued since that time have required that Plaintiffs' organizations remain closed while allowing certain business and organizations and certain sizes of business and organizations to reopen or remain open. Defendants' Orders constitute arbitrary, capricious, irrational and abusive conduct that interferes with Plaintiffs' liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

25. The Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference.

26. The Plaintiffs have a right to protection from arbitrary action of the government.

27. Substantive Due Process prevents the government from engaging in conduct that "shocks the conscious" or that interferes with the concept of ordered liberty.

28. Defendants' actions constitute official policy, custom and practice of the State of New Mexico. Defendants' actions shock the conscience of the citizens of this State and of the Court.

29. Defendants' actions do not comport with the traditional ideas of fair play and decency.

30. Plaintiffs have the right to pursue lawful employment as they shall determine and

be free of governmental interference.

31. The shutdown has caused and is causing citizens of New Mexico to lose their jobs, and/or their livelihoods.

**CAUSE OF ACTION II - PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983**

32. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

33. The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

34. No due process protections have been afforded to Plaintiffs, or any citizen of New Mexico as required by the United States Constitution of a pre-deprivation or post deprivation process that allows for any opportunity, much less a meaningful opportunity, to be heard and address the propriety of the government's actions.

35. Neither the initial Shutdown Order, nor subsequent orders on easing of the shutdown for some businesses and organizations, provide due process protections set forth herein. With no process by which to appeal the shutdown orders without any explanation, the public health orders constitute an unexplained inconsistency and is arbitrary and capricious.

36. All fundamental rights comprised within the term liberty, including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

37. The Shutdown Order deprives Plaintiffs, and many residents of New Mexico, of fundamental property rights without due process of law, based solely upon discretion of Defendants, which discretion is not subject to appeal rights.

## VIOLATION OF EQUAL PROTECTION - 42 U.S.C. § 1983

38. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

39. The Equal Protection Clause requires governments to act in a rational and nonarbitrary fashion.

40. Defendants' actions in classifying businesses into "essential" and "non-essential" are arbitrary and irrational given that there has never been such a classification of business activity and the Defendants' attempts to classify such categories is nothing more than *ipse dixit*.

41. Defendants' actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

42. On June 5, 2020, Secretary Kunkel began easing stay restrictions on some businesses and activities previously implemented. Said orders eased the restrictions on some businesses, and not others engaged in identical or near identical services.

43. The easing of restrictions on some businesses and organizations, and not on others of similar business or organizational structure and intent, is not rational and is an arbitrary exercise of Defendant Kunkel's power.

44. The Defendants' orders were nothing more than an arbitrary decision-making tool that relies on the speculations of the Defendants.

45. Defendants' decision not to ease stay business closure restrictions on all businesses impedes Plaintiffs' fundamental right to use their private property without the government imposing arbitrary or irrational restrictions on the use of the property.

46. Defendants' actions have caused Plaintiffs to be completely deprived of the use and control of their private property while other organizations offering similar services will be authorized to operate under conditions that could have been met by Plaintiffs in their organizations.

47. As such, Defendants' refusal to ease the closure order relating to recreational facilities such as Plaintiffs', but to ease restrictions for other similarly situated organizations, will continue to cause harm to Plaintiffs, as they will continue to be prohibited from operating their organizations pursuant to the Shutdown Order and the subsequent public health orders.

## VIOLATION OF THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

48. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

49. Defendants' actions have hindered the Plaintiffs' ability to assemble and raise necessary funds in order to promote their assembly.

50. The First Amendment of the U.S. Constitution protects the "right of the people peaceably to assemble." The Freedom of Assembly Clause was incorporated against the states in *De Jonge v. Oregon*, 299 U.S. 353 (1937).

51. When a government practice restricts fundamental rights, it is subject to "strict scrutiny" and can be justified only if it furthers a compelling government purpose and, even then, only if no less restrictive alternative is available. *See, e.g.*, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16-17 (1973); *Dunn v. Blumstein*, 405 U.S. 330 (1972).

52. The Secretary cannot constitutionally permit commercial shoppers and others from gathering but deny the same right to assemble for those gathering for another cause.

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

A. Declaratory Judgment that issuance and enforcement of the Shutdown Order and the

      continuing public health orders that require businesses to remain closed is unconstitutional for the reasons stated herein, and that the actions of the Defendants are unlawful and unconstitutional;

B.     A temporary restraining order to prohibit Defendants from enforcing the public health orders in the arbitrary and capricious manner and fashion engaged by Defendants that keeps organizations like Plaintiffs closed and unable to even open under similar conditions and restrictions as other organizations;

C.     Preliminary and permanent injunction to prohibit Defendants from enforcing the public health orders in the arbitrary and capricious manner and fashion engaged by Defendants that keeps organizations like Plaintiffs closed and unable to even open under similar conditions and restrictions as other organizations;

D.     A declaration that the rights of the Plaintiffs and the citizens of New Mexico have been violated by the various actions of the Defendants and the said Defendants are enjoined from engaging in such violations and declaring them to be null and void ab initio;

E.     An award of compensatory and punitive damages, costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1983 and 1988; and,

F.     For such other relief as this Court deems appropriate.

                Respectfully submitted,

                */s/ A. Blair Dunn*
                A. Blair Dunn, Esq.
                abdunn@ablairdunn-esq.com
                Jared R. Vander Dussen, Esq.
                Warba.llp.jared@gmail.com
                Western Agriculture, Resource
                and Business Law Advocates, LLP
                400 Gold St. SW, Suite 1000
                Albuquerque, NM 87102
                (505)750-3060; Fax (505)226-8500