IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE NEW MEXICO ELKS ASSOCIATION,
FRATERNAL ORDER OF EAGLES, NEW MEXICO STATE AERIE,
NEW MEXICO LOYAL ORDER OF THE MOOSE,

    Plaintiffs,

vs.                                                        Civ. No. 21-354 KG/LF

MICHELLE LUJAN GRISHAM,
Individually, Acting Under the Color of Law,
and TRACIE C. COLLINS,
Individually, Acting Under the Color of Law,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This 42 U.S.C. § 1983 lawsuit arises from Defendants' public health orders issued in response to the Covid-19 pandemic, beginning in March 2020 to the present. Plaintiffs contend that the restrictive nature of those public health orders violates their Fourteenth and First Amendment rights under the United States Constitution. Plaintiffs sue Defendants "Individually, Acting Under the Color of Law." *See* (Doc. 1) at 1 (case caption).

    In the Request for Relief contained in the "*Verified* Complaint for Civil Rights Violations Under the Fourteenth Amendment to the United States Constitution and Request for Temporary Restraining Order" (Complaint), Plaintiffs seek

> [a] temporary restraining order to prohibit Defendants from enforcing the public health orders in the arbitrary and capricious manner and fashion engaged by Defendants that keeps organizations like Plaintiffs closed and unable to even open under similar conditions and restrictions as other organizations….

(Doc. 1) at 9, ¶ B. In addition, Plaintiffs seek, *inter alia*, a preliminary and permanent injunction. *Id.* at ¶ C.

The Court notes that Plaintiffs filed an "Information Sheet for T.R.O." on the same day they filed the Complaint. *See* (Doc. 2). Plaintiffs also request that the Court "set the matter for a preliminary injunction hearing" if the Court issues a temporary restraining order (TRO). (Doc. 15) at 8.

In response to the request for a TRO, the Court ordered expedited briefing on the TRO issue. (Doc. 5). The matter now is fully and timely briefed. *See* (Docs. 10, 11, and 15). The Court notes jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Having considered the briefing, the Complaint, the controlling law, and for the following reason, the Court denies Plaintiffs' request for a TRO as well as their request for a preliminary injunction.

As an initial matter, Defendants assert that "Plaintiffs are not entitled to any of the injunctive relief they seek because they failed to sue Defendants in their official capacities." (Doc. 11) at 9 (bold omitted). It is well-established that "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) (citing *Hafer v. Melo,* 502 U.S. 21, 30, 27 (1991)); *see also Grove v. Groome*, 817 Fed. Appx. 551, 555 (10th Cir. 2020), *cert. denied,* 141 S. Ct. 1074 (2021) (stating that "[i]njunctions are available under § 1983 only against public entities and public officers sued in their official capacities" (citing *Brown*, 662 F.3d at 1161 n.5)). Plaintiffs do not dispute that they are suing Defendants in their individual capacities only. Applying the above law to this case, Plaintiffs cannot seek injunctive

relief, like a TRO or preliminary injunction, against Defendants in their individual capacities.[1] For that reason alone, the Court must deny Plaintiffs' requests for a TRO and preliminary injunction as a matter of law.[2]

    IT IS ORDERED that Plaintiffs' requests for a TRO and preliminary injunction are denied.

                                                    _____
                                                  UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiffs cite *Hernandez v. Grisham* for the proposition that a court can issue a TRO against a defendant sued in his individual capacity, in that case, Ryan Stewart. (Doc. 15) at 7 n.1; *see also Hernandez v. Grisham*, 494 F.Supp.3d 1044, 1150 (D.N.M. 2020). The amended complaint in *Hernandez* shows that the plaintiffs sued "Stewart, individually, acting in his capacity as the Secretary of the State of New Mexico Department of Education…." *See* 20cv942 JB/GBW (Doc. 4) at 1. Unlike this case, where Plaintiffs simply allege "Acting Under the Color of Law," the *Hernandez* court could have easily concluded from "acting in his capacity as the Secretary of the State of New Mexico Department of Education" that the plaintiffs sued Stewart in his official capacity. Hence, the *Hernandez* TRO was appropriate but does not support Plaintiffs' proposition.

[2] Given that the request for a permanent injunction is not at issue in Plaintiffs' request for a TRO and preliminary injunction, the Court will refrain from ruling on whether that request is subject to dismissal. Instead, the Court will consider that issue in the context of Defendants' Motion to Dismiss Plaintiffs' Verified Complaint (Doc. 12), which is not yet fully briefed.